BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOLENE TANNER
Assistant United States Attorney
Chief, Tax and Bankruptcy Section
GAVIN L. GREENE (Cal. Bar No. 230807)
Assistant United States Attorney
  Federal Building, Suite 7211
  300 North Los Angeles Street
  Los Angeles, California 90012
  Telephone: (213) 894-4600
  Facsimile: (213) 894-0115
  E-mail: Gavin.Greene@usdoj.gov

Attorneys for the United States of America

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>EDGAR NOVIO YLAGAN,<br><br>   Debtor. | Case No. 2:24-bk-17848-NB<br><br>Chapter 13<br><br>Adv. No. 2:25-ap-01013-NB<br><br>**MOTION TO DISMISS ADVERSARY PROCEEDING**<br><br><u>Hearing Date:</u><br>Date: June 24, 2025<br>Time: 11:00 a.m.<br>Place: Courtroom 1545<br>   255 E. Temple Street<br>   Los Angeles, CA 90012 |
| EDGAR NOVIO YLAGAN,<br><br>   Plaintiff,<br>vs.<br><br>UNITED STATES DEPARTMENT OF EDUCATION,<br><br>   Defendant. | |

1

PLEASE TAKE NOTICE that at the above stated date and time, the UNITED STATES OF AMERICA on behalf of its agency, the INTERNAL REVENUE SERVICE will move for an order dismissing this adversary proceeding. The grounds for this motion are set out more fully in the attached Memorandum of Points and Authorities, which is incorporated herein by reference.

PLEASE TAKE FURTHER NOTICE that Local Bankruptcy Rule 9013-1(f) requires a formal response at least fourteen (14) days before the hearing regarding the Motion. Any response must be in writing, served on the undersigned, and must comply with Local Bankruptcy Rule 9013-1(f), including a brief but complete statement of all reasons in opposition to the Motion, declarations, and copies of all documentary evidence on which the responding party intends to rely. Pursuant to Local Bankruptcy Rule 9013-1(h), papers not timely filed and served may be deemed by the Court to be consent to the granting of the Motion

Respectfully Submitted,

BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOLENE TANNER
Assistant United States Attorney
Chief, Tax and Bankruptcy Section

Dated: May 23, 2025                    /s/ Gavin Greene
                                       GAVIN GREENE
                                       Assistant United States Attorney
                                       Attorneys for the United States of America

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction

United States of America, on behalf of its agency the Internal Revenue Service, hereby moves to dismiss the adversary proceeding. Between 2016 and 2021, Plaintiff borrowed money from the Department of Education through ParentPLUS to pay for his daughters to go to college. In 2021, Plaintiff received a chapter 7 discharge. On September 26, 2024, Plaintiff filed an individual chapter 13 bankruptcy. On September 28, 2024, his wife, non-debtor spouse, died. On October 1, 2024, the Department of Education filed a general unsecured claim of $55,845.32. In 2025, Plaintiff filed this adversary proceeding as part of the chapter 13 bankruptcy asserting that the chapter 7 discharge, and the subsequent undue hardship arising from the death of his wife, rendered the student loans an undue hardship subject to discharge under 11 U.S.C. § 523(a)(8)(B).

This adversary proceeding is procedurally improper. Plaintiff should be required to reopen his chapter 7 case and file an adversary proceeding as part of that case to adjudicate whether the chapter 7 discharge now applies to his student loans. Additionally, because the Plaintiff has proposed a zero percent distribution to the general unsecured creditors under his chapter 13 plan, a discharge determination of the Department of Education's general unsecured claim from the prior chapter 7 case will not affect payments made under the plan in this case. Finally, even if the court considered the merits of the adversary complaint, Plaintiff has not alleged facts that would entitle him to the relief requested. Plaintiff cannot satisfy any of the three prongs for demonstrating undue hardship as set forth by *Brunner v. New York State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987): (1) he currently has more than enough income to maintain a minimal standard of living while paying his student loans; (2) he will continue to have the ability to pay his student loans; and (3) he has not demonstrated a good faith effort to repay the loans because he has not minimized his expenses.

## II. Statement Of Facts

### A. Initial Chapter 7 Bankruptcy

On June 19, 2021, Edgar Novio Ylagan (the "Plaintiff") filed a chapter 7 bankruptcy petition, case number 2:21-bk-15045-NB.[1] On October 5, 2021, Plaintiff received a chapter 7 discharge. Docket no. 19.

### B. Current Chapter 13 Bankruptcy

On September 26, 2024, Plaintiff filed a chapter 13 bankruptcy petition, case number 2:24-bk-17848-NB. On September 27, 2024, a notice was issued indicating that Plaintiff is not "is not eligible for a discharge in this case" because it was filed within 4-years of the date he received a discharge under chapter 7. Docket no. 13.

On March 4, 2025, Plaintiff filed amended Schedules I and J. Docket no. 60.

On Schedule I, Plaintiff reported monthly gross wages, salary and commissions (before all payroll deductions) of $10,689.70 and combined monthly income—after deducting taxes, Medicare, Social Security, and HAS, but adding other monthly income—of $8,522.10. Schedule I, ¶¶ 4 and 12. Plaintiff reported on Schedule J that he has disposable income of $1,570.93. Schedule J, ¶ 23b. Plaintiff also reported that he has no dependents [*Id*. at ¶ 2], and that he has the following housing expenses:

| First mortgage | $2,529.17 |
| Home maintenance | $90.00 |
| Additional mortgage payments | $932.00 |
| Electricity | $375.00 |
| Water | $120.00 |
| Telephone | $325.00 |
| Total | $4,371.17 |

*Id*. at ¶¶ 4-6. Furthermore, Plaintiff reported he has zero car payments. *Id*. at ¶ 17.

On March 27, 2025, Plaintiff filed his second amended chapter 13 plan which provided for no payments to general unsecured creditors. Docket no. 68, page 3. The plan was confirmed on April 25, 2025. Docket no. 71.

---

[1] Judicial notice is requested for all relevant documents in the court's electronic file pursuant to Federal Rule of Evidence 201.

**C. Adversary Proceeding**

On January 15, 2025, Plaintiff filed a *Complaint to Determine that Debtor's Student Loans are Discharged under Section 523(a)(8)(B)*. Adv. Docket no. 1. Plaintiff resides in Los Angeles County. *Id*. at ¶ 8. He has lives with his two daughters, ages 24 and 26. *Id*. at ¶ 3. Plaintiff is an "obligor on … loans that he procured or co-signed for on or about 08/22/2016, 10/20/2017, and 09/21/2021, Direct Parent PLUS loans from The Department of Education serviced through MOHELA in an amount totaling approximately $25,000, $13,600, $7,050, respectively, which totals approximately $55,845.32." Docket no. 1 at ¶ 10. The student loans were for Plaintiff's daughters to attend college (*id*. at ¶ 11) and were used to pay "administrative tuition and expenses." *Id*. at ¶ 12. Plaintiff claims that he suffered "irreparable hardship" when his wife died on September 28, 2024. *Id*. at 2:25-26, ¶ 16. Plaintiff supports his two daughters [*id*. at ¶ 18] but they are not his dependents. Bankruptcy Docket No. 60, Schedule J, ¶ 2. Plaintiff drives a 2003 Toyota Camry. Adv. Docket no. 1. at ¶ 20. Plaintiff's prayer for relief requests a "declaration that the Student Loans owed to MOHELA/Department of Education [are] discharged pursuant to §523(a)(8)(B) as part of his Chapter 7 case." *Id*. at 4:13-14.

Plaintiff signed the Attestation of Edgar N. Ylagan in Support of Request for Stipulation Conceding Dischargeability of Student Loans (DOJ Attestation) claiming the following:

- The currently monthly payment on the student loans is $683.95. Attestation at ¶ 6.

- His housing costs are $5,214.28, calculated as follows:

| Mortgage | $4,304.28 |
|---|---|
| Home maintenance | $90.00 |
| Utilities | $820.00 |
| Total Housing Costs | $5,214.28 |

*Id*. at ¶ 15(b), page 8.

- He has three cars: (a) 2003 Toyota Camry [the car he drives according to his complaint], (b) 2007 Lexus IS 250, and (c) 2013 Mercedes-Benz. *Id*. at ¶ 28. His total cost of ownership for all three vehicles is $500 per month. *Id*. at page 8, ¶ 15(c)(i).

- After deducting expenses from gross income, he reports $200 remaining income. *Id*. at ¶ 16, page 10. As mentioned above, this is less than the monthly net income of $1,570.93 reported on line 23c of Schedule J. *See* Bankruptcy Docket No. 60, ¶ 23c.

Attached as Exhibit 1 is a true and correct copy of Plaintiff's DOJ Attestation, excluding exhibits, and redacted to exclude personal identifiers.

**D. Minimum Allowable Expenses**

The IRS calculates minimum allowable expenses for housing and utilities that "are intended for use in calculating repayment of delinquent taxes."[2] As explained on the IRS website:

> The housing and utilities standards are derived from U.S. Census Bureau, American Community Survey and Bureau of Labor Statistics data, and are provided by state down to the county level. The standard for a particular county and family size includes both housing and utilities allowed for a taxpayer's primary place of residence. Generally, the total number of persons allowed for determining family size should be the same as those allowed as exemptions on the taxpayer's most recent year income tax return.

> Housing and utilities standards include mortgage or rent, property taxes, interest, insurance, maintenance, repairs, gas, electric, water, heating oil, garbage collection, residential telephone service, cell phone service, cable television, and Internet service. …

> The taxpayer is allowed the standard amount, or the amount actually spent on housing and utilities, whichever is less.

*Id.*

The allowable expense for housing and utilities in Los Angeles County is $2,877 for a family of one, and $3,561 for a family of three.

### III. Law and Analysis

**A. Plaintiff should be required to file an adversary proceeding as part of the original chapter 7 bankruptcy.**

Plaintiff should be required to reopen his chapter 7 bankruptcy case—and file an adversary proceeding as part of that case—to determine whether the student loans are subject to the chapter 7 discharge entered in 2021, even though he does not allege there was an undue burden until 2024. "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to

---

[2] California – Local standards: Housing and utilities, https://www.irs.gov/businesses/small-businesses-self-employed/california-local-standards-housing-and-utilities (last visited May 23, 2025).

1    the debtor, or for other cause." 11 U.S.C. § 350(b). "A bankruptcy court's decision to reopen is entirely

2    within its sound discretion, based upon the circumstances of each case." *In re Castillo*, 297 F.3d 940,

3    945 (9th Cir. 2002), as amended (Sept. 6, 2002) (cleaned up). However, such case would likely not be

4    successful because the hardship is evaluated during the bankruptcy proceedings, not after the discharge

5    is entered.

6    　　　"The factual question regarding dischargeability of student loans is whether there is hardship at

7    the time of discharge, and the court must make its determination in light of the debtor's actual

8    circumstances at the relevant time." *In re Woodcock*, 315 B.R. 487, 497 (Bankr. W.D. Mo. 2004), *aff'd*,

9    326 B.R. 441 (B.A.P. 8th Cir. 2005); *In re Bender*, 368 F.3d 846, 848 (8th Cir. 2004) ("[T]he factual

10   question is whether there is undue hardship at the time of discharge, not whether there is undue

11   hardship at the time that a [subsequent] § 523(a)(8) proceeding is commenced."). In this case, the

12   discharge was entered in 2021, and Plaintiff asserts that the hardship arose in 2024.

13   **B. The Court lacks jurisdiction to hear the instant complaint because the Plaintiff fails to allege**

14   **an actual controversy.**

15   　　　Courts should only grant relief where a justiciable controversy exists. Article III of the

16   Constitution restricts the jurisdiction of federal courts to "cases" and "controversies." U.S. Const. Art

17   III, § 2, cl. 1; *Valley Forge Christian College v. Americans United for Separation of Church & State,*

18   *Inc.*, 454 U.S. 464, 471 (1982); *Renne v. Geary*, 501 U.S. 312, 316 (1991) ("Concerns of justiciability

19   go to the power of the federal courts to entertain disputes, and to the wisdom of their doing so.").

20   Federal court jurisdiction is limited to justiciable controversies. *Flast v. Cohen*, 392 U.S. 83, 95 (1967).

21   "[N]o justiciable controversy is presented…when the parties are asking for an advisory opinion…." *Id.*

22   The limits Article III imposes on federal jurisdiction apply equally to bankruptcy courts. *See e.g., In re*

23   *Kilen*, 129 B.R. 538, 543 (Bankr. N.D.Ill. 1991); *In re Interpictures, Inc.*, 86 B.R. 24, 28 (Bankr.

24   E.D.N.Y. 1988).

25   　　　An actual controversy must exist at all stages of the review not just when the complaint is filed.

26   *Steffel v. Thompson*, 415 U.S. 452, 459 n. 10 (1974). The burden of establishing that an actual

27   controversy exists is on the plaintiff. *See Cardinal Chemical Co. v. Morton International, Inc.*, 508 U.S.

28   83, 94–96 (1993).

1      1. <u>The Court may consider extrinsic evidence in determining jurisdiction.</u>

2      Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized

3  by the Constitution and by Congress. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377

4  (1994). A plaintiff bears the burden of proving that the court has subject matter jurisdiction to hear an

5  action. *Sopcak v. Northern Mountain Helicopter Service*, 52 F.3d 817, 818 (9th Cir. 1995). A defendant

6  challenging the court's jurisdiction under Fed. R. Civ. P. 12(b)(1), made applicable to this proceeding

7  by Fed. R. Bankr. P. 7012, may present extrinsic evidence for the court's consideration. *Safe Air for*

8  *Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("In resolving a factual attack on jurisdiction,

9  the district court may review evidence beyond the complaint without converting the motion to dismiss

10  into a motion for summary judgment."); *see also Warren v. Fox Family Worldwide, Inc.*, 328 F.3d

11  1136, 1141 n. 5 (9th Cir. 2003) ("[I]n ruling on a 12(b)(1) jurisdictional challenge, a court may look

12  beyond the complaint and consider extrinsic evidence.").

13      The court may then weigh the evidence presented to determine whether the facts provide the

14  court with subject matter jurisdiction. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987);

15  *Steen v. John Hancock Mut. Life Ins. Co.*, 106 F.3d 904, 910 (9th Cir. 1997) ("Usually, a district court

16  is free to hear evidence regarding jurisdiction and to resolve factual disputes in determining whether it

17  has jurisdiction over a claim.").

18      2. <u>Determination of dischargeability under the current chapter 13 case is not appropriate because</u>

19      <u>Plaintiff is not eligible for a discharge and a ruling would not affect the case.</u>

20      The court shall not grant a discharge of debts provided for in the plan if the debtor has received

21  a discharge in a case filed under chapter 7 during the 4-year period preceding the date the chapter 13

22  petition was filed. 11 U.S.C. § 1328(f)(1). Plaintiff received a chapter 7 discharge on October 5, 2021,

23  and filed a chapter 13 bankruptcy petition less than four years later, on September 26, 2024. As such,

24  Plaintiff is not eligible for a discharge in this case. Since Plaintiff is not eligible for a discharge, the

25  issue of whether Plaintiff's student loan debt would be subject to discharge is not an actual controversy

26  and the Court lacks jurisdiction to consider the issue in this case. Furthermore, Plaintiff's second

27  amended plan is a zero percent plan, paying nothing to unsecured creditors. As such, whether the Court

28  grant's the relief requested by Plaintiff, it has no effect in this case.

**C. Plaintiff is not entitled to the relief requested because he can afford to pay his student loans.**

A chapter 7 discharge "does not discharge an individual debtor from any debt for an educational … loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit." 11 U.S.C. § 523(a)(8)(A)(i)." However, this exception to discharge does not apply if the loans "would impose an undue hardship" on the debtor. 11 U.S.C. § 523(a)(8). There is no dispute that Plaintiff's ParentPLUS loans were made, insured, or guaranteed by the Department of Education so that his daughters could attend college, so the exception to discharge presumptively applies. And as explained below, there is no undue hardship exception in this case.

To determine if excepting student loans from discharge would create an undue hardship on a debtor, the debtor must prove:

> (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans;
> (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and
> (3) that the debtor has made good faith efforts to repay the loans.

*Brunner*, 831 F.2d at 396; *In re Rifino*, 245 F.3d 1083, 1087 (9th Cir. 2001); *In re Pena*, 155 F.3d 1108, 1112 (9th Cir. 1998). "Under this test, the burden of proving undue hardship is on the debtor, and the debtor must prove all three elements before discharge can be granted." *Rifino*, 245 F.3d at 1087-88. "If the debtor fails to satisfy any one of these requirements, the bankruptcy court's inquiry must end there, with a finding of no dischargeability." *Id.* at 1088 (cleaned up).

1. <u>Plaintiff has the present ability to pay his student loans.</u>

"The first prong of the *Brunner* test requires the debtor to prove that [he] cannot maintain, based on current income and expenses, a minimal standard of living for [himself] and [his] dependents if forced to repay the loans." *Rifino*, 245 F.3d at 1088 (cleaned up). "Some courts have declined to discharge student loan debt where the debtor's budget included items such as cable television, a new car, and private schooling for a child." *Id.*

Plaintiff has the present ability to pay the student loans. Based on the DOJ Attestation, he spends about $5,200 per month on housing and utilities—even though he reported spending less on Schedule J—and has net income of about $200 per month. The monthly cost of his student loans is

9

about $684. Plaintiff's two daughters live with him, but as he acknowledges, they are not his

dependents and as such his minimal standard of living only needs to support one person.

Plaintiff is a single adult living in Los Angeles. He acknowledged on Schedule J that he has no

dependents, which is consistent with the Internal Revenue Code which provides that children stop being

dependents when they are 24 years old [26 U.S.C. § 152(c)(3)(A)] and Plaintiff's daughters are ages 24

and 26. As such, Plaintiff counts as a family of one for the hardship analysis.

Under the IRS guidelines, the allowable expense for housing and utilities in Los Angeles

County is $2,999 for a family of one, which is about $2,200 less than he claimed on his DOJ

Attestation. Even using the housing standard for a family of three, which is $3,712 per month, is about

$1,500 less than he claimed he was spending, and that difference is more than enough to pay his

monthly student loan payment of $683.95. Similarly, the difference of approximately $843 between the

cost of housing reported on his Attestation ($5,214) and the amount reported on Schedule J ($4,371), is

also enough to pay his monthly student loan payment.

Finally, Plaintiff reported the cost of owning his cars (separate from the cost of maintaining

those cars) was $500 per month. However, based on his Complaint he drives a 2003 Toyota Camry, and

based on Schedule J, he has no car payment. He is currently paying $500 per month in car payments for

his adult daughters instead of paying his student loans. Based on the foregoing Plaintiff has the present

ability to pay his student loans.

2. Plaintiff will continue to have the ability to pay his student loans in the future.

Plaintiff has the burden to demonstrate "that the inability to pay is likely to persist for a

significant portion of the repayment period" based on "insurmountable barriers." *In re Nys*, 446 F.3d

938, 946 (9th Cir. 2006). "Under this standard, the debtor cannot purposely choose to live a lifestyle

that prevents her from repaying her student loans." *Id*.

As discussed above, Plaintiff has the present ability to pay his student loans. To the extent that

there was any difficulty in paying the student loan debt, it was driven by his deliberate choice to

maintain his current lifestyle and pay more than the housing allowance.

3. <u>Plaintiff has not demonstrated a good faith effort to repay his student loans.</u>

"Good faith is measured by the debtor's efforts to obtain employment, maximize income, and minimize expenses." *In re Mason*, 464 F.3d 878, 884 (9th Cir. 2006) (cleaned up). "With the receipt of a government-guaranteed education, the student assumes an obligation to make a good faith effort to repay those loans, as measured by his or her efforts to obtain employment, maximize income, and minimize expenses." *Matter of Roberson*, 999 F.2d 1132, 1136 (7th Cir. 1993).

Plaintiff can pay his student loans. Moreover, he has not demonstrated a good faith effort to repay those loans because he has not minimized his expenses. Based on the foregoing, Plaintiff fails to satisfy any of the three *Brunner* factors to establish undue hardship and his request for relief should not be granted.

### IV. Conclusion

The Government respectfully requests that this Court dismiss this case.


Respectfully Submitted,

BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOLENE TANNER
Assistant United States Attorney
Chief, Tax and Bankruptcy Section


Dated: May 23, 2025                    /s/ Gavin Greene_____
                                       GAVIN GREENE
                                       Assistant United States Attorney
                                       Attorneys for the United States of America

# Exhibit 1

[Updated May 2024]

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE _____CENTRAL_____ DISTRICT OF _____CALIFORNIA_____

In re:                                    )
                                          )
                                          )    Case No. __2:24-bk-17848-NB__
                                          )    Chapter [7]
        Debtors.                          )
                                          )
EDGAR NOVIO YLAGAN                        )
_____ )
                                          )
                                          )
        Plaintiff,                        )    Adversary Pro. __2:25-ap-01013-NB__
                                          )
v.                                        )
                                          )
UNITED STATES DEPARTMENT                  )
OF EDUCATION, [et al.],                   )
                                          )
        Defendant[s].                     )
_____ )

ATTESTATION OF [ Edgar N. Ylagan ] IN SUPPORT
OF REQUEST FOR STIPULATION CONCEDING
DISCHARGEABILITY OF STUDENT LOANS

*PLEASE NOTE: This Attestation should be submitted to the Assistant United States Attorney
handling the case. It should not be filed with the court unless such a filing is directed by the
court or an attorney.*

I, [ Edgar N. Ylagan ], make this Attestation in support of my claim that excepting

the student loans described herein from discharge would cause an "undue hardship" to myself

and my dependents within the meaning of 11 U.S.C. §523(a)(8). In support of this Attestation, I

state the following under penalty of perjury:

## I. PERSONAL INFORMATION

1.      I am over the age of eighteen and am competent to make this Attestation.

-1-

[Updated May 2024]

2.    I reside at _____1086 Syracuse Dr., Claremont_____ [address], in ____Los Angeles____ County,

____CA____ [state].

3.    My household includes the following persons (including myself):

__Edgar N. Ylagan__ [full name] __57__ [age] _____ [self]

__Clarissa Ann Cruz Ylagan__ [full name] __26__ [age] ____Daughter____ [relationship]

__Camille Rose Cruz Ylagan__ [full name] __24__ [age] ____Daughter____ [relationship]

_____ [full name] _____ [age] _____ [relationship]

_____ [full name] _____ [age] _____ [relationship]

_____ [full name] _____ [age] _____ [relationship]

***Questions four through eight request information related to your outstanding student loan debt and your educational history. The Department of Education will furnish this information to the Assistant United States Attorney ("AUSA") handling your case, and it should be provided to you. If you agree that the information provided to you regarding your student loan debt and educational history is accurate, you may simply confirm that you agree, and these questions do not need to be completed. If you have not received the information from Education or the AUSA at the time you are completing this form, or if the information is not accurate, you may answer these questions based upon your own knowledge. If you have more than one student loan which you are seeking to discharge in this adversary proceeding, please confirm that the AUSA has complete and accurate information for each loan, or provide that information for each loan.***

4.    I confirm that the student loan information and educational history provided to me and attached to this Attestation is correct and complete: YES ☑ NO ☐ No Information Provided ☐

[If you answered anything other than "YES," you must answer questions five through eight].

5.    The outstanding balance of the student loan[s] I am seeking to discharge in this adversary proceeding is $ ___$55,845.32 (see attached Proof of Claim)___

[Updated May 2024]

6.    The current monthly payment on such loan[s] is ____683.95____. The

loan[s] are scheduled to be repaid in ____120 months____ [month and year] **[OR]** ☐ My

student loan[s] went into default in _____ [month and year].

7.    ~~I incurred the student loan[s] I am seeking to discharge while attending~~

_____, where I was pursuing a _____ degree with a specialization

in _____.    **[This is a "Parent Plus" loan for his daughters]**

8.    ~~In _____ [month and year], I completed my course of study~~ and

received a _____ degree. **[OR]** In _____ [month and year], I left my

course of study and did not receive a degree.

9.    I am currently employed as a ___Sales Representative___. My employer's name and

address is ___Vivus LLC. 900 E. Hamilton Ave., #500, Campbell, CA 95008___ **[OR]** ☐ I am not currently employed.

## II. CURRENT INCOME AND EXPENSES

10.    I do not have the ability to make payments on my student loans while maintaining

a minimal standard of living for myself and my household. I submit the following information to

demonstrate this:

### A.  *Household Gross Income*

11.    My current monthly household ***gross*** income from all sources is $ ___10,889.70___.[1]

This amount includes the following monthly amounts:

---

[1] "Gross income" means your income before any payroll deductions (for taxes, Social Security, health insurance, etc.) or deductions from other sources of income. You may have included information about your gross income on documents previously filed in your bankruptcy case , including Form B 106I, Schedule I - Your Income (Schedule I). If you filed your Schedule I within the past 18 months and the income information on those documents has not changed, you may refer to that document for the income information provided here. If you filed Schedule I more than 18 months prior to this Attestation, or your income has changed, you should provide your new income information.

[Updated May 2024]

_____9889.70_____ my **gross** income from employment (if any)

_____ my unemployment benefits

_____ my Social Security Benefits

_____$1,000_____ my ___Annualized Commission___

_____ my _____

_____ my _____

_____ **gross** income from employment of other members of household

_____ unemployment benefits received by other members of household

_____ Social Security benefits received by other members of household

_____ other income from any source received by other members of household

12.     The current monthly household gross income stated above (select which applies):

___✔___    Includes a monthly average of the gross income shown on the most recent tax return[s] filed for myself and other members of my household, which are attached, and the amounts stated on such tax returns have not changed materially since the tax year of such returns; OR

_____    Represents an average amount calculated from the most recent two months of gross income stated on four (4) consecutive paystubs from my current employment, which are attached; OR

___✔___    My current monthly household gross income is not accurately reflected on either recent tax returns or paystubs from current employment, and I have submitted instead the following documents verifying current gross household income from employment of household members:

_____See paystubs attached._____

13.     In addition, I have submitted _____Paystubs_____ verifying the sources of income other than income from employment, as such income is not shown on [most recent tax return[s] or paystubs].

-4-

[Updated May 2024]

    **B.** *__Monthly Expenses__*

    14.    My current monthly household expenses do/do not exceed the amounts listed

below based on the number of people in my household for the following categories:

    (a)    Living Expenses[2]

    i.    My expenses for food    do exceed ☐ do not exceed ☑
    $458 (one person)
    $820 (two persons)
    $977 (three persons)
    $1143 (four persons)

    ii.    My expenses for housekeeping supplies    do exceed ☐ do not exceed ☑
    $44 (one person)
    $75 (two persons)
    $83 (three persons)
    $82 (four persons)

    iii.    My expenses for apparel & services    do exceed ☐ do not exceed ☑
    $87 (one person)
    $157(two persons)
    $187 (three persons)
    $300 (four persons)

    iv.    My expenses for (non-medical) personal
    care products and services    do exceed ☐ do not exceed ☑
    $48 (one person)
    $80 (two persons)
    $87 (three persons)
    $97 (four persons)

    v.    My miscellaneous expenses (not included
    elsewhere on this Attestation)    do exceed ☐ do not exceed ☑
    $171 (one person)
    $279 (two persons)
    $343 (three persons)
    $405 (four persons)

    vi.    My total expenses in these categories    do exceed ☐ do not exceed ☑
    $808 (one person)

---

[2] The living expenses listed in Question 14 and 15 have been adopted from the Internal Revenue Service Collection Financial Standards "National Standards" and "Local Standards" for the year in which this form is issued. This form is updated annually to reflect changes to these expenses.

[Updated May 2024]

$1411 (two persons)
$1677 (three persons)
$2027 (four persons in household)
Add $386 per each additional member if more than four in household.

If you answered that your total expenses for any of the categories (i) through (v) exceed the applicable amount listed in those categories, and you would like the AUSA to consider your additional expenses for any such categories as necessary, you may list the total expenses for any such categories and explain the need for such expenses here. (You do <u>not</u> need to provide any additional information if you answered that your total expenses did <u>not</u> exceed the applicable amount listed in subsection (vi)).

<u>(b)</u>    Uninsured medical costs:

My uninsured, out of pocket medical costs do exceed ☐ do not exceed ☑

$83 (per household member under 65)
$158 (per household member 65 or older)

If you answered that your uninsured, out of pocket medical costs exceed the listed amounts for any household member, and you would like the AUSA to consider such additional expenses as necessary, you may list the household member's total expenses and explain the need for such expenses here.

[If you filed a Form 122A-2 Chapter 7 Means Test or 122C-2 Calculation of Disposable Income in your bankruptcy case, you may refer to lines 6 and 7 of those forms for information.][3]

---

[3] Forms 122A-2 and 122C-2 are referred to collectively here as the "Means Test." If you filed a Means Test in your bankruptcy case, you may refer to it for information requested here and in

[Updated May 2024]

15. My current monthly household expenses in the following categories are as follows:

(a) <u>Payroll Deductions</u>

    i.    Taxes, Medicare and Social Security    $ <u>3467.60</u>
[You may refer to line 16 of the Means Test or Schedule I, line 5]

    ii.    Contributions to retirement accounts    $ <u>200</u>
[You may refer to line 17 of the Means Test or Schedule I, line 5]

    Are these contributions required
as a condition of your employment?    YES ☑ / NO ☐

    iii.    Union dues    $ <u>N/A</u>
[You may refer to line 17 of the Means Test or Schedule I, line 5]

    iv.    Life insurance    $ <u>385.00</u>
[You may refer to line 18 of the Means Test or Schedule I, line 5]

    Are the payments for a term policy
covering your life?    YES ☑ / NO ☐

    v.    Court-ordered alimony and child support    $ <u>N/A</u>
[You may refer to line 19 of the Means Test or Schedule I, line 5]

    vi.    Health insurance    $ <u>N/A</u>
[You may refer to line 25 of the Means Test or Schedule I, line 5]

    Does the policy cover any persons other than
yourself and your family members?    YES ☐ / NO ☐

    vii.    Other payroll deductions

    _____    $_____
    _____    $_____
    _____    $_____

---

other expense categories below. If you did not file a Means Test, you may refer to your Schedule
I and Form 106J – Your Expenses (Schedule J) in the bankruptcy case, which may also list
information relevant to these categories. You should only use information from these documents
if your expenses have not changed since you filed them.

Payments until October 15, 2025:
APO with 2nd Lienholder: $772.24 [Dkt. 51]
APO with 1st Lender
Settlement with 2nd Lender
$3,425.77 plus $878.51 until Oct 15, 2025 is $4,304.28 Total Amount $4,304.28

[Updated May 2024]

(b) Housing Costs[4]

|   | | |
|---|---|---|
| i. | Mortgage or rent payments | $ 4,304.28   *(see above and attached)* |
| ii. | Property taxes (if paid separately) | $ _____ |
| iii. | Homeowners or renters insurance (if paid separately) | $ _____ |
| iv. | Home maintenance and repair (average last 12 months' amounts) | $ 90.00 _____ |
| v. | Utilities (include monthly gas, electric water, heating oil, garbage collection, residential telephone service, cell phone service, cable television, and internet service) | $ 820.00 _____ |

(c) Transportation Costs

|   | | |
|---|---|---|
| i. | Vehicle payments (itemize per vehicle) | $ 500 _____ |
| ii. | Monthly average costs of operating vehicles (including gas, routine maintenance, monthly insurance cost) | $ 600 _____ |
| iii. | Public transportation costs | $ 25 _____ |

(d) Other Necessary Expenses

|   | | |
|---|---|---|
| i. | Court-ordered alimony and child support payments (if not deducted from pay) [You may refer to line 19 of Form 122A-2 or 122C-2 or Schedule J, line 18] | $ _____ |
| ii. | Babysitting, day care, nursery and preschool costs [You may refer to line 21 of Form 122A-2 or 122C-2 or Schedule J, line 8][5] | $ _____ |

Explain the circumstances making it necessary
for you to expend this amount:

---

[4] You should list the expenses you actually pay in Housing Costs and Transportation Costs categories. If these expenses have not changed since you filed your Schedule J, you may refer to the expenses listed there, including housing expenses (generally on lines 4 through 6 of Schedule J) and transportation expenses (generally on lines 12, 15c and 17).

[5] Line 8 of Schedule J allows listing of expenses for "childcare and children's education costs." You should not list any educational expenses for your children here, aside from necessary nursery or preschool costs.

[Updated May 2024]

iii.     Health insurance                                    $ <u>N/A</u>
         (if not deducted from pay)
         [You may refer to line 25 of the Means Test or Schedule J, line 15]

         Does the policy cover any persons other than    YES ☐ / NO ☑
         yourself and your family members?

iv.      Life insurance                                    $ <u>385.00</u>
         (if not deducted from pay)
         [You may refer to line 25 of the Means Test or Schedule J, line 15]

         Are the payments for a term policy             YES ☑ / NO ☐
         covering your life?

v.       Dependent care (for elderly or disabled          $ <u>N/A</u>
         family members)
         [You may refer to line 26 of the Means Test or Schedule J, line 19]

         Explain the circumstances making it necessary
         for you to expend this amount:

vi.      Payments on delinquent federal, state or local tax debt  $ _____
         [You may refer to line 35 of the Means Test or Schedule J, line 17]

         Are these payments being made pursuant         YES ☐ / NO ☐
         to an agreement with the taxing authority?

vii.     Payments on other student loans                 $ _____
         I am not seeking to discharge

viii.    Other expenses I believe necessary for          $ <u>250</u>
         a minimal standard of living.

         Explain the circumstances making it necessary
         for you to expend this amount:

         Debtor goes to therapy for grief after his wife's sudden loss.

-9-

[Updated May 2024]

16.      After deducting the foregoing monthly expenses from my household gross income, I have _____$200_____ [no, or amount] remaining income.

17.      In addition to the foregoing expenses, I anticipate I will incur additional monthly expenses in the future for my, and my dependents', basic needs that are currently not met.[6] These include the following:

> Debtor is in a chapter 13 and his plan payments are also near $1,000.  There exists little to no disposable income remaining to pay for student loans.

### III. FUTURE INABILITY TO REPAY STUDENT LOANS

18.      For the following reasons, it should be presumed that my financial circumstances are unlikely to materially improve over a significant portion of the repayment period (answer all that apply):

☐      I am age 65 or older.

☑      The student loans I am seeking to discharge have been in repayment status for at least 10 years (excluding any period during which I was enrolled as a student).

☑      I did not complete the degree for which I incurred the student loan[s].

Describe how not completing your degree has inhibited your future earning capacity:

> The student loans were for my daughters.  Also, due to my wife's sudden passing, my household income is now limited to myself only.

☐      I have a disability or chronic injury impacting my income potential.

---

[6] If you have forgone expenses for any basic needs and anticipate that you will incur such expenses in the future, you may list them here and explain the circumstances making it necessary for you to incur such expenses.

[Updated May 2024]

Describe the disability or injury and its effects on your ability to work, and indicate whether you receive any governmental benefits attributable to this disability or injury:

☐ I have been unemployed for at least five of the past ten years.

Please explain your efforts to obtain employment.

19. For the following additional reasons, my financial circumstances are unlikely to materially improve over a significant portion of the repayment period (answer all that apply):

☐ I incurred the student loans I am seeking to discharge in pursuit of a degree from an institution that is now closed.

Describe how the school closure inhibited your future earnings capacity:

☐ I am not currently employed.

☐ I am currently employed, but I am unable to obtain employment in the field for which I am educated or have received specialized training.

Describe reasons for inability to obtain such employment, and indicate if you have ever been able to obtain such employment:

[Updated May 2024]

☑ I am currently employed, but my income is insufficient to pay my loans and unlikely to increase to an amount necessary to make substantial payments on the student loans I am seeking to discharge.

Please explain why you believe this is so:

I am the sole source of income for my household. My recently deceased spouse was not bringing in any income. With her passing on September 28, 2024, my expenses have increased and the pressure is too much to bare.   I support my two daughters and am barely able to make it.  I go to therapy for my grief and do not expect my work circumstances to change in the future.

☑ Other circumstances exist making it unlikely I will be able to make payments for a significant part of the repayment period.

Explain these circumstances:

The recent passing of my wife has left me grief stricken. The financial pressures along with everyday tasks are completely overwhelming. My wife passed away suddenly while we were on vacation in a foreign country. The means it took to get her home were extensive and costly.

***See Exhibit D for Death Certificate***

## IV. PRIOR EFFORTS TO REPAY LOANS

20.    I have made good faith efforts to repay the student loans at issue in this proceeding, including the following efforts:

21.    Since receiving the student loans at issue, I have made a total of $_____ in payments on the loans, including the following:   *[Debtor has attempted to make payment but is unsure as to amount or number of times]*

___ regular monthly payments of $_____ each.

___ additional payments, including $_____, $_____, and $_____.

22.    I have applied for __X__ forbearances or deferments. I spent a period totaling ___Unknown months in forbearance or deferment.

23.    I have attempted to contact the company that services or collects on my student loans or the Department of Education regarding payment options, forbearance and deferment options, or loan consolidation at least ___5___ times.

[Updated May 2024]

24.     I have sought to enroll in one or more "Income Driven Repayment Programs" or
similar repayment programs offered by the Department of Education, including the following:

Description of efforts:

25.     [If you did not enroll in such a program].  I have not enrolled in an "Income
Driven Repayment Program" or similar repayment program offered by the Department of
Education for the following reasons:

> I filed Chapter 13 to keep my home so my kids and I can have a roof over our head.
> After my wife's sudden passing, all of the financial responsibility is on me.  I did
> not try to enroll in any Income Driven Repayment Programs but did attempt to get
> on modifications or forbearance with the lender but to no avail.   My priority is my
> children and keeping my home from foreclosure.

26.     Describe any other facts indicating you have acted in good faith in the past in
attempting to repay the student loan(s) you are seeking to discharge.  These may include efforts
to obtain employment, maximize your income, or minimize your expenses. They also may
include any efforts you made to apply for a federal loan consolidation, respond to outreach from
a loan servicer or collector, or engage meaningfully with a third party you believed would assist
you in managing your student loan debt.

[Updated May 2024]

## V. CURRENT ASSETS

27.    I own the following parcels of real estate:

Address:    1086 Syracuse Dr.
_____

Claremont, CA 91711
_____

_____

Owners:[7]    Edgar N. Ylagan (Self)
_____

Maria Melissa Y. Cruz (Deceased Spouse)
_____

Fair market value:    $1,000,000
_____

Total balance of
mortgages and
other liens.    $832,155.58
_____

28.    I own the following motor vehicles:

Make and model:    2003 Toyota Camry, 2007 Lexus IS 250, 2013 Mercedes-Benz
_____

Fair market value:    $10,000
_____

Total balance of
Vehicle loans
And other liens    $3,498 (Lexus)
_____

29.    I hold a total of _____ $155,972.69 in retirement assets, held in 401k, IRA

and similar retirement accounts.

30.    I own the following interests in a corporation, limited liability company,

partnership, or other entity:

25% ownership of Id Inscribo, Inc. (No value, non-operational, medical
transcription).  This entity does not do anything.

_____

[7] List by name all owners of record (self and spouse, for example)

[Updated May 2024]

| Name of entity | State incorporated[8] | Type[9] and %age Interest |
|---|---|---|
| Id Inscribo, Inc. | California | 25% |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

31.     I currently am anticipating receiving a tax refund totaling $_____.

## VI. ADDITIONAL CIRCUMSTANCES

32.     I submit the following circumstances as additional support for my effort to

discharge my student loans as an "undue hardship" under 11 U.S.C. §523(a)(8):

*The recent passing of my wife has left me grief stricken. The financial pressures along with everyday tasks are completely overwhelming. My wife passed away suddenly while we were on vacation in a foreign country. The means it took to get her home were extensive and costly.   I filed chapter 13 and reorganizing the home loans against my property.  I am barely able to make it with the APO entered on the 1st deed of trust holder and 2nd deed of trust holder.  With the Chapter 13 payments, I am barely able to make ends meet.  I would like a discharge of the student loans.*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____
Signature:

 Edgar Novio Ylagan
_____
Name:

_____
Date:

EXHIBIT A - Proof of Claim for Mohela with supporting loan records
EXHIBIT B - APO with 1st Lienholder showing mortgage payment and arrears
EXHIBIT C - Settlement agreement payment for 2nd lienholder payment
EXHIBIT D - Affidavit of Death of Spouse with Death Certificate

---

[8] The state, if any, in which the entity is incorporated. Partnerships, joint ventures and some other business entities might not be incorporated.

[9] For example, shares, membership interest, partnership interest.

PROOF OF SERVICE OF DOCUMENT

I am of the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
300 N. Los Angeles Street, Room 7211, Los Angeles, CA 90012

A true and correct copy MOTION TO DISMISS ADVERSARY PROCEEDING be served or was served (a) on
the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

<u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:  Pursuant controlling
General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the
document. On <u>5/23/25</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and
determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the
email addresses stated below:

Angela Gill    angela.gill@usdoj.gov, caseview.ecf@usdoj.gov;usacac.tax@usdoj.gov
Sevan Gorginian    sevan@gorginianlaw.com, 2486@notices.nextchapterbk.com;ani@gorginianlaw.com
Gavin L Greene    gavin.greene@usdoj.gov, caseview.ecf@usdoj.gov;usacac.tax@usdoj.gov
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

2.  <u>SERVED BY UNITED STATES MAIL</u>:
On <u>5/23/25</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy se or
adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that
mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3.  <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR
EMAIL (state method for each person or entity served)</u>:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on
<u>5/23/25</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those
who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing
the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be
completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| <u>5/23/25</u> | <u>Maria Luisa Parcon</u> | *Maria Luisa Parcon* |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**